No. 2608

Second Circuit

---

**BLUESTEIN v. HARVEY**

---

(April 5, 1929.  Opinion and Decree.)
(May 8, 1929.  Rehearing Refused.)

---

George Thurber, of Shreveport, attorney for plaintiff, appellee.

Robertson & Gibbs, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J.  Plaintiff sued defendant for $135, alleged balance of rent, and, under appropriate allegations, obtained the issuance of a writ of provision seizure.

Defendant denied that he owed plaintiff the sum claimed, and alleged that he owed him only $30 and that he had tendered this amount and plaintiff had refused to accept it; and he reconvened for the sum of $150, damages alleged to have been sustained by the provisional seizure.

On these issues the case was tried, and there was judgment in favor of the plaintiff and against the defendant for the amount sued for and sustaining the writ of provisional seizure, and the defendant appealed.

OPINION.

Plaintiff rented to defendant a dwelling house in the city of Shreveport for $30 a month, and defendant occupied it during the months of January, February, March, April, May, June, July August, and September, 1925.  Plaintiff credited defendant with payments on account of rent as follows:  February 16, 1925, $30; March 24, 1925, $30; May 4, 1925, $15; June 3, 1925, $15; July 7, 1925, $20; July 28, 1925, $10; and August, 1925, $15.

And plaintiff testified that these were

the only payments defendant had made on account of rent.

Defendant testified:

"Q. For what month, if any, do you owe Mr. Bluestein for rent?

"A. I don't owe him rent for anything.

"Q. What about September?

"A. Possibly I could owe in September, because when he came there the first of September I had used my check, that is where the thirty dollar check comes in, and he taken a check for part of it, half of the money, on the seventh, and that fell on a holiday, and Tuesday or Wednesday I went and paid the fifteen dollars on the check and told them that I would give them the rest in a day or two, and Mr. Bickley was out of town and I didn't want to take the money out of the drawer, and Mr. Bluestein came there and raised 'Cain,' and I told him to come back that evening and get the money and he wouldn't do it.

"Q. Was it the September rent that it was for?

"A. Yes, sir.

"Q. On what day did you pay the rent?

"A. On the 17th, the latter part of August, fifteen dollars.

"Q. Was the payment that you just referred to, for the rent for the last half of August?

"A. Yes, sir."

Defendant filed in evidence receipts for rent for the amounts and dated as follows, to-wit:

| | |
|---|---|
| 5/5/25 | $15.00 |
| 3/17/25 | $30.00 |
| 2/4/25 | $30.00 |

And also an unpaid check for $30 dated 9/7/25.

Defendant contends that, in addition to the credits allowed by plaintiff, he is entitled to credit for the first three named amounts.

Plaintiff credited defendant with these three payments under the dates of February 16, 1925, March 24, 1925, and May 4, 1925.

As to these credits, plaintiff testified:

"Q. Now you have filed in this case a statement showing these payments, and sworn to the correctness of the statement, would you mind telling us this last item shows August 15th, what date it was paid?

"A. I don't know; some of those dates may vary a little, but it is in that month that I received that money.

"Q. Did you give Mr. Harvey a receipt for that $15.00?

"A. I don't know; I always give receipts.

"Q. You always give receipts?

"A. Well, except where a man gives me a check, I didn't always then, most of the time, I give them, give me one and it was returned, thirty dollars, with no funds in the bank.

\* \* \*

"Q. Mr. Bluestein, there is a receipt here that counsel has asked you about, dated May 5, 1925, for $15.00, and there is on your statement, you have in there a credit for $15.00, of May 4th; did you get payments on both those dates? Did you receive $15.00 on May 4th and also $15.00 on May 5th?

"A. No, sir.

"Q. Did you receive the $15.00?

"A. Yes, sir, I received $15.00 as I say on my books, on the 4th or 5th; may have dated it wrong in writing it. May have dated it ahead, May 4th or 5th.

"Q. Did you receive any other payment of $15.00 in May?

"A. No, sir.

"Q. Would you say that at this time that the payment of May 4th or 5th was the same?

"A. Yes, sir."

The testimony of plaintiff that he did not receive two payments from defendant in May, 1925, is not contradicted by defendant, and defendant nowhere testifies that he made two payments in that month.

Under the conflicting testimony given by plaintiff and defendant the lower court gave judgment for plaintiff.

The defendant pleading payment, the

burden was on him to prove it. Valdoz vs. O'Keefe, 2 La. App. 362.

Under all the evidence we are convinced that the defendant failed to establish his plea of payment by a fair preponderance of the evidence, and that the judgment appealed from is correct, and accordingly it is affirmed.